UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRAVIS D. GRIFFIN,

                    Plaintiff,

-against-

SANTANDER BANK et al., SANTANDER
CONSUMER, USA et al.,

                    Defendants.
----------------------------------------------------------------X

ORDER
12-CV-1249 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JAN 16 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge.

Before the Court is the Report and Recommendation of Magistrate Judge E. Thomas Boyle, dated June 25, 2013, recommending that Santander Consumer USA, Inc.'s[1] and Santander Consumer USA's ("defendants") motion for summary judgment be granted and that plaintiff's complaint be dismissed. For the following reasons, the Court adopts the Report and Recommendation in its entirety and defendants' motion for summary judgment is hereby **GRANTED**.

## I. Case History

On or about March 14, 2012, Travis D. Griffin ("plaintiff") initiated this action by filing a complaint alleging violations of 42 U.S.C. §§ 1981 and 1982 and of the Equal Credit Opportunity Act ("EOCA"). The complaint also alleges that defendants violated the Fair Debt Collection Practices Act ("FDCPA") by their interactions with plaintiff and his family. On

---

1. According to the Report and Recommendation, Santander Bank is an improper party name. Plaintiff disputes this on the ground that defendants filed a notice of appearance on behalf of Santander Bank. DE 56 at p. 4. In their answer to plaintiff's complaint, however, Santander Consumer USA, Inc. notes that it was incorrectly sued as Santander Bank et al. DE 11 at p. 1. Thus, to the extent this constitutes a specific objection to the Report, it is rejected.

March 11, 2013, defendants filed a motion for summary judgment, which plaintiff opposed.

On April 23, 2013, the motion was referred to Magistrate Judge E. Thomas Boyle for a Report and Recommendation ("Report"). On June 25, 2013, Magistrate Judge Boyle issued a Report recommending that defendants' motion for summary judgment be granted.

With respect to plaintiff's 42 U.S.C. §§ 1981 and 1982 claims, Magistrate Judge Boyle reported that plaintiff failed to provide any specific evidence tending to show that racial animus was the motivating factor for defendants' allegedly discriminatory actions. As to plaintiff's EOCA claim, the Report recommends that it be dismissed because plaintiff failed to allege that he was qualified and applied for credit which was denied. Magistrate Judge Boyle recommended that plaintiff's FDCPA claim be dismissed because its statute of limitations is one (1) year from the date of the latest violation. Plaintiff alleged that the most recent violation was a letter from defendants dated May 26, 2010, i.e. nearly two (2) years before he filed his complaint.

On July 11, 2013, plaintiff timely filed his objections to the Report. On July 15, 2013, this case was assigned to Magistrate Judge Gary R. Brown. Defendants filed their opposition to plaintiff's objections on July 25, 2013 and plaintiff filed his reply on August 14, 2013.

## II. Discussion

### A. Standard of Review

Title 28 U.S.C. § 636(b)(1)(C) provides that a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After reviewing a report, a district court "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[I]n providing for a "de novo determination" . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

**B.      Analysis**

Plaintiff "broadly and comprehensively object[s] to each and every conclusion reached and recommendation made by the Magistrate, and, insofar as is possible under whatever doctrine or rules govern responses of this kind, incorporate into this response by reference each and every point, argument and piece of evidence included in all of [plaintiff's] filings." Plt. Object. DE 56 p. 6. Plaintiff cites to Federal Rule of Civil Procedure 72(b) and states: "in order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation (R & R) to which the party objects and the basis for the objections." *Id.* at p. 8.

Plaintiff does not, however, make any specific objections to the Report. Rather, he makes a conclusory argument that the Report employs too strict a standard for determining whether an issue is material to this matter, but then fails to point out any specific material facts which would preclude summary judgment. *Id.* at p. 3. Plaintiff also objects generally to pages 5-14 of the Report "on the grounds Bias, Prejudice and Erroneous towards Plaintiff's Claims." *Id.* at p. 7. Plaintiff also "objects generally to any consideration of Defendant [sic] 'Motion for Summary Judgment' " on the grounds that the motion is untimely because there are unsettled jurisdictional challenges. *Id.* at p. 6. Plaintiff does not specify what those challenges are and the Court could

not find any on the docket. Finally, plaintiff objects to the Report on the ground of fraud "in the service of court summons (such as withholding a court summons from a party)." *Id.* at p. 14. This issue is not addressed by the Report and will not be considered as a proper objection.

In light of plaintiff's failure to object with specificity, there is no basis for *de novo* review of any portion of the Report. Thus, upon consideration of the Report, plaintiff's objections, defendants' opposition, plaintiff's reply[2] and taking into account plaintiff's status as a *pro se* litigant, the Court holds that the Report is not facially erroneous. Accordingly, the Report is adopted in its entirety and summary judgment is **GRANTED** in favor of defendants. Plaintiff's complaint is dismissed with prejudice and the Clerk of the Court is instructed to close this case.

**SO ORDERED.**

Dated: January 16, 2014
       Central Islip, New York

                                                      s/ Sandra J. Feuerstein
                                                      _____
                                                      Sandra J. Feuerstein, U.S.D.J.

---

2. Plaintiff's objection and reply papers contain essentially the same allegations and arguments.